

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

Gerald Barham
XXIXXXXXXXXXXX

Honorable J. C. Patterson
County Attorney
Benjamin, Texas

Dear Sir:

Opinion No, 0-1530
Re: Teachers Retirement System

We are in receipt of your letter of September 30, 1939, in which the following questions presented to you by the Superintendent of the Sunset Rural High School are submitted to this Department for an opinion:

"Question 1. What is the penalty if a beginning teacher does not elect to become a member of the Retirement System, and the local school board sees fit to employ said teacher?

"Question 2. If there is a penalty, does it fall upon the beginning teacher, the school board, or both?

"Question 3. May a teacher who is a member of the Retirement System, elect not to remain in the said Retirement System, and still teach school in Texas?

"Question 4. If the answer to question three is 'No', what is the penalty, and upon whom does it fall?"

We call attention to the following provisions of Senate Bill No. 47, Acts 45th Legislature, known as the Teacher Retirement Bill:

"Sec. 1 (5) ' Employer' Shall mean the State of Texas and any of its designated agents or agencies with responsibility and authority for public education, such as the common and independent school boards, the boards of regents of state colleges and universities, the county school boards, or any other agency of and within the State by which a person may be employed for service in public education.

"(6) 'Member' shall mean any teacher included in the membership of the system as provided in Section 3 of this Act.

"Section 3. Membership: The membership of said Retirement System shall be composed as follows:

"(1) All persons who are teachers on the date as of which the Retirement System is established shall become members as of that date as a condition of their employment unless within a period of ninety (90) days after September 1, 1937, any such teacher shall file with the State Board of Trustees on a form prescribed by such Board, a notice of his election not to be covered in the membership of the System and a duly executed waiver of all present and prospective benefits which would otherwise inure to him on account of his participation in the Retirement System.

"(2) Beginning September 1, 1938, and thereafter any teacher teaching for the first time in Texas shall become a member of the Retirement System as a condition of his employment.

"Sec. 8. The amount contributed by each teacher to the Retirement Fund shall be five (5%) per centum of the regular annual compensation paid each member, the amount not to exceed One Hundred Eighty ($180.00) Dollars per annum. . .

"Sec. 8-1 (a) . . . Contributions to and payments from the Teacher Saving Fund shall be made as follows:

"(b) Each Employer Shall cause to be deducted from the salary of each member on each and every pay-roll of such employer for each and every pay-roll period, five (5%) per centum of his earnable compensation, provided that the sum of the deductions made for a member shall not exceed One Hundred Eighty ($180.00) Dollars during any one (1) year. Deductions shall begin with the first pay-roll period of the school year 1937-1938. . .

"(c) The deductions provided for herein shall be made notwithstanding that the minimum compensation provided for by law for any member shall be reduced thereby. Every member shall be deemed to consent and agree to the deductions made and provided for herein and shall receipt for his full salary or compensation, and payment of

salary or compensation, less said deduction, shall be a
full and complete discharge and acquittance of all claims
and demands whatsoever for the services rendered by such
person during the period covered by such payment, except
as to the benefits provided under this Act. The employer
shall certify to the State Board of Trustees on each and
every pay-roll, or in such other manner as said Board may
prescribe, the amounts to be deducted; and each of said
amounts shall be deducted, and when deducted shall be
paid into said Teacher Saving Fund, and shall be credited,
to the individual account of the member from whose com-
pensation said deduction was made."

"Sec.8-7 (1) The collection of members' contributions
shall be as follows:

"(a) Each employer shall cause to be deducted on each
and every pay-roll of a member for each and every pay roll
period subsequent to the date of establishment of the Re-
tirement System the contributions payable by such member,
as provided in this Act. Each employer shall certify to
the treasurer of said employer on each and every pay roll
a statement as vouchers for the amount so deducted.

"(b) The treasurer or proper disbursing officer of
each employer on authority from the employer shall make de-
ductions from salaries of teachers as provided in this
Act, and shall transmit monthly, or at such time as the
State Board of Trustees shall designate, a certified copy
of the pay roll, and the amount specified to be deducted
shall be paid to the Executive Secretary of the State Board
of Turstees, and after making a record of all receipts,
the said Board shall pay them to the Treasurer of the State
of Texas, and by him be credited to Teacher Retirement
Fund, and such funds shall be deemed as appropriated for
use according to the provisions of this Act. For the pur-
pose of collecting contributions of teachers who are teaching
in common school districts, the county superintendent or ex-
officio county superintendent of each county of this State
is hereby designated to perform the duties of employer of
all common school districts over which he has jurisdiction,
and he is hereby authorized and empowered to retain the
amounts so deducted from pay rolls of members and have a
corresponding amount deducted from any funds available for
paying teachers' salaries, and transmit same to the Executive
Secretary of the State Board of Trustees as provided for
in this Act. Any college or university or other educational
institution or agency supported in whole or in part by the
State shall have the amount retained or deducted from the
funds regularly appropriated by the State for the current
maintenance for such educational departments and institutions.

"(c) For the purpose of enabling the collection of
five (5%) per centum of the salaries of the members of
the retirement System to be made as simple as possible,
the Sate Board of Trustees shall require the secretary
or other officer of each employer-board or agency, within
thirty (30 ) days after the beginning of each school year,
to make up a list of all teachers in its employ, who are mem-
bers of the Retirement System, set out their salaries by the
month and by the year, make an affidavit to the correctness
of this statement, and file the same with the Executive
Secretary of the State Board of Trustees of the Teacher
Retirement System. If additions to or deductions from this
list should be made during the year, such additions or
deductions shall likewise be certified under oath to the
State Board of Trustees of the Teacher Retirement System.

"Sec. 6 (11) The Attorney General of the State of
Texas shall be the legal adviser of the State Board of
Trustees, and shall represent it in all litigations."

With reference to your first question, we wish to point out
that under Section 3 (2) any beginning teacher who is employed for
the first time in Texas does not have an election to become a member
of the Retirement System but such teacher becomes a member of the
Retirement System as a condition of his employment, as a matter of
law. The same is true of persons who were teachers on the date the
system was established unless such teacher exercised his election
not to be covered thereby within ninety days after September 1, 1937.

This department ruled in a letter opinion dated September
22, 1937, addressed to Hon. Mortimer Brown, Executive Secretary
Teacher Retirement System, that once a teacher becomes a member of
the teacher Retirement System, he cannot withdraw from membership in
such System except to cease being a teacher, to die or to be retired
with a disability benefit or to be retired on account of age with
such annuity or other benefit as is selected by such teacher. We
agree with the conclusions expressed in that opinion and enclose a
copy herewith.

It is clear from a reading of the above quoted provisions
of the Teacher Retirement Act that a duty is imposed upon the
governing bodies and officers of school districts in this State to
make the deductions required by law and properly account therefor.
Although this Act provides no specific penalty for a failure on the
part of local public officials to perform their duty, we cannot
presume that they will willfully and knowingly violate the clear
mandate of the law when advised of its requirements.

We call attention to Section 6 (11) which places the duty upon this department to act as legal adviser and represent the State Board of Trustees in all litigation. If the occasion should arise, this department in the performance of its duty imposed by law, must take whatever action may be deemed an appropriate and adequate remedy and to the best interest of the System under the circumstances.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    s/s   Cecil C. Cammack

Cecil C. Cammack
Assistant

CCC:M. xt

APPROVED OCT 13, 1939

s/s   Gerald C. Mann
ATTORNEY GENERAL OF TEXAS.

APPROVED
Opinion
Committee

By. BWB
Chairman